UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ROLAND DAVIS, <br> No. 516656, | ) ) ) | |
| Plaintiff, | ) ) | No. 3:15-cv-00936 <br> Senior Judge Nixon |
| v. | ) ) | |
| OFFICER SAMANTHA HILL, *et al.*, | ) ) | |
| Defendants. | ) | |

# **M E M O R A N D U M**

Plaintiff Roland Davis, an inmate of the Davidson County Sheriff's Office in Nashville, Tennessee, brings this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against Officer Samantha Hill, Officer L.T.P. Denton, Sheriff Daron Hall, Administrator Pamela Hale, and Chief Administrator Chris Brown. (Docket No. 1). All defendants are sued in their official capacities only. (*Id*. at pp. 2, 7). The Plaintiff seeks $150,000.00 in compensatory and punitive damages from each Defendant for his or her alleged failure to protect the Plaintiff from an attack by other inmates. (*Id*. at p. 6).

The Plaintiff's complaint is before the Court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

**I.      Standard of Review**

Under the Prison Litigation Reform Act (PLRA), this Court must conduct an initial screening of a prisoner's *pro se* complaint against a governmental entity or official. The Court must dismiss the complaint *sua sponte* before service on any defendant if the complaint asserts claims that are frivolous or malicious, fails to state claims upon which relief can be granted, or seeks damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A.

The Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## II.    Facts

The complaint alleges that, while incarcerated at the Hill Detention Center in Nashville, Tennessee, the Plaintiff was attacked by several other inmates on June 25, 2015. According to the complaint, Defendant Correctional Officer Samantha Hill was not at her assigned post at the time of the incident which prevented her from responding to the attack as quickly as possible. As a result of Hill's failure to respond immediately to the attack, the Plaintiff sustained serious injuries to his head and body.

The Plaintiff has filed a number of grievances regarding the June 25, 2015 incident. The complaint alleges that the Plaintiff's First Amendment right to petition the government for a redress of grievances has been violated and continues to be violated because the Defendants are engaging in a concerted effort to deny the Plaintiff access to his original grievance form or a copy of the form. The complaint alleges that the Defendants' actions have hindered and are continuing to hinder the Plaintiff's efforts to pursue this case. The complaint further alleges that the Plaintiff fears retaliation

from the Defendants as a result of pursuing his grievances regarding the June incident. (Docket Nos. 5, 9, 10).

**III.    Analysis**

First, the complaint names the Defendants, all employees of Davidson County, Tennessee, in their official capacities only. A § 1983 suit against each of these Defendants in his or her official capacity is a suit against the individual's official office rather than the individual himself or herself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). In essence, then, the Plaintiff's official capacity claims are against Davidson County, Tennessee. *See Kentucky v. Graham*, 473 U.S. 159 (1985).

In order to bring a Section 1983 claim against Davidson County, the Plaintiff must claim that the alleged violations of his constitutional rights stemmed from a county policy, regulation, decision, custom, or the tolerance of a custom of such violations. *See Board of County Commissioners v. Brown,* 520 U.S. 397, 403-04 (1997); *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The county cannot be sued merely on the theory that it employed a person who violated the Plaintiff's civil rights. *Monell*, 436 U.S. 658, 690.

Here, the Plaintiff has not alleged the existence of a county policy or custom that is causally related to any of his injuries, or that any Defendant was acting pursuant to a county-sanctioned custom or policy. Because the Plaintiff has not asserted that the county itself, beyond being the employer of the Defendants, had any involvement in the alleged wrongdoing, the claims against the Defendants in their official capacities will be dismissed for failure to state claims upon which relief

may be granted.[1]

**IV.     Conclusion**

As set forth above, the Court finds the Plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 as to all official capacity claims against the Defendants. In the absence of an actionable claim, the court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2). Accordingly, the complaint will be dismissed.

An appropriate order will be entered.

                              John T. Nixon
                              Senior United States District Judge

---

[1] The Court notes that the complaint seeks monetary damages from the Defendants in their official capacities. (Docket No. 1 at p. 6). Those claims, however, are barred by the Eleventh Amendment, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989), and would be dismissed for that reason were the Court not dismissing the official capacity claims against the Defendants on another ground.