UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROLAND DAVIS, | ) |
| | ) |
|     Plaintiff | ) |
| | ) No. 3:15-0936 |
| v. | ) Senior Judge Nixon/Bryant |
| | ) **Jury Demand** |
| OFFICER SAMANTHA HILL, *et al.*, | ) |
| | ) |
|     Defendant | ) |

**TO:**   **THE HONORABLE JOHN T. NIXON**
       **SENIOR JUDGE**

## REPORT AND RECOMMENDATION

Roland Davis, a prisoner proceeding *pro se* and *in forma pauperis*, has filed two motions entitled "Motion for Preliminary Injunction to be Released due to Retaliation" (Docket Entry Nos. 13 and 18). The first of these motions is unsigned and the second motion does not appear to include a certificate of service. The texts of these two motions are almost identical with very few differences. In substance, these unsworn filings briefly describe conversations that Plaintiff allegedly had with Defendant Hill and nonparty Officer Justin Joseph in which Hill and Joseph questioned Davis about why he had "written [them] up" and referred to Davis as a "snitch." Plaintiff in his motion characterizes these conversations as "retaliation."

## STATEMENT OF THE CASE

The Sixth Circuit has held that in exercising its discretion to grant a preliminary injunction, the District Court

must consider four factors: (1) whether the plaintiff has shown a strong or substantial likelihood or probability of success on the merits; (2) whether the plaintiff has shown irreparable injury; (3) whether the issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing a preliminary injunction. *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F.2d 100, 102 (6th Cir. 1982). Here, Plaintiff Davis, particularly at this stage of the case, has failed to show a strong or substantial likelihood or probability of success on the merits. In particular, even if Plaintiff prevails in his Section 1983 claim, the remedy of release from custody, which he seeks by way of preliminary injunction, almost certainly will be unavailable to him. In addition, Plaintiff has wholly failed to show irreparable injuries if his requested injunction is denied. Specifically, the two alleged conversations with Defendants Hill and Officer Joseph described in Plaintiff's motion are entirely devoid of any threat of violence or injury to Plaintiff. Given Plaintiff's failure to satisfy the first two factors, the undersigned Magistrate Judge finds it unnecessary to consider the remaining two factors.

For the reasons stated above, the undersigned finds that Plaintiff's motion for preliminary injunction should be denied.

**RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge recommends that Plaintiff's motion for preliminary injunction (Docket Entry Nos. 13 and 18) should be denied.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 26th day of August, 2016.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge