# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| ROLAND DAVIS,<br>    No. 516656, | ) <br> ) <br> ) | |
|     Plaintiff, | ) <br> ) | No. 3:15-cv-00936 <br> Judge Trauger |
| v. | ) <br> ) | |
| OFFICER SAMANTHA HILL, *et al.*, | ) <br> ) | |
|     Defendants. | ) | |

## M E M O R A N D U M

On February 21, 2017, the Magistrate Judge issued a Report and Recommendation (R&R) (Docket No. 64) as to the defendants' motion to dismiss (Docket No. 29), recommending that the motion be granted, all other pending motions be denied as moot, and this action be dismissed. Pending before the court are Objections to the R&R timely filed by the plaintiff. (Docket No. 66). The court finds that the plaintiff's Objections lack merit and will be overruled, as explained below.

**I.    Background**

In this *pro se, in forma pauperis* prisoner civil rights case, the original complaint alleged violations of the plaintiff's First and Eighth Amendment rights arising out of an incident of inmate violence at the Hill Detention Center in Nashville, Tennessee. (Docket No. 1). After conducting the required screening under the Prison Litigation Reform Act, the court dismissed the plaintiff's complaint because the plaintiff had sued all defendants in their official capacities only. (Docket Nos. 3 and 4). Subsequently, the plaintiff filed a motion for reconsideration (Docket No. 7), which the court construed as a motion to amend the complaint. (Docket No. 9). The court then granted the motion to amend, permitting the plaintiff to include individual capacity claims against all named

1

defendants and the action to proceed. (*Id*.) This case was referred to the Magistrate Judge to recommend ruling on any dispositive motion. (Docket No. 9).

The defendants filed a motion to dismiss on April 11, 2016, contending that the complaint fails to state claims upon which relief can be granted as to all defendants and, in any event, that the defendants are entitled to qualified immunity. (Docket No. 29). The plaintiff responded in opposition to the motion. (Docket No. 37). The plaintiff also filed a motion seeking camera footage of the inmate assault at issue. (Docket No. 43).

## II.     Report and Recommendation

On February 21, 2017, the Magistrate Judge issued an R&R (Docket No. 64) as to the defendants' motion to dismiss (Docket No. 29), recommending that the motion be granted, that all other pending motions be denied as moot, and this action be dismissed.

The Magistrate Judges noted that the plaintiff's primary claim is that Defendant Hill violated the plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by her "failure to be at her assigned post at the time of the incident which prevented her from acting as quickly as possible to stop several known gang members from jumping" on the plaintiff and injuring him. (Docket No. 1 at p. 4). The Magistrate Judge further noted that the plaintiff claims his First Amendment right to access the courts was violated "by various administrative Hill Detention Center personnel" who acted in concert to deny the plaintiff access to a copy of the grievance by which he exhausted this claim "which hinder[ed] his filing this petition in federal court for lack of exhaustion of remedies." (*Id.* at p. 10).

As to the plaintiff's Eighth Amendment claim against defendant Hill, the Magistrate Judge first assumed that, for purposes of the R&R, an attack by "known gang members" is sufficiently

serious to meet the Eighth Amendment's objective requirement. (Docket No. 64 at p. 5). After considering the complaint's allegations and the video footage of the incident, the Magistrate Judge found that the plaintiff had not established that the defendant Hill acted with deliberate indifference to the plaintiff's health or safety. The Magistrate Judge pointed out that the complaint contained no allegations regarding Hill's state of mind or awareness of a risk of serious harm to the plaintiff. (*Id.*) The Magistrate Judge found that the plaintiff's perceived inconsistency between Hill's statement regarding the events and Defendant Denton's description of the altercation did not provide a basis from which to conclude that Hill knew of a threat to the plaintiff's safety and acted with deliberate indifference to it. (*Id*. at p. 6). The Magistrate Judge specifically noted that negligence is insufficient to establish a § 1983 claim. (*Id*.) Thus, the Magistrate Judge recommended that this claim be dismissed for failure to state a claim upon which relief can be granted. (*Id.* at p. 7).

As to the plaintiff's First Amendment claim against "Various Administrative Hill Detention Center Personnel," the Magistrate Judge first pointed out that the plaintiff does not identify against which individuals he made this claim. (*Id.*) Even assuming that the plaintiff made this allegations against all remaining defendants, the Magistrate Judge concluded that the plaintiff's claim fails because he had not alleged any harm resulting from the defendants' actions; the plaintiff filed a timely lawsuit, to which no one had raised a failure to exhaust administrative remedies affirmative defense. (*Id.*) The Magistrate Judge found this conclusion to be true whether the plaintiff's claim was construed as one of retaliation for filing a grievance regarding his attack or as a denial of his the plaintiff's right to access the courts. (*Id.*) Consequently, the Magistrate Judge recommended that this claim be dismissed for failure to state a claim upon which relief can be granted. (*Id.* at p. 8).

3

In a footnote, the Magistrate Judge noted that the plaintiff also had filed a document asserting that officers had taken his certified mail against his will and charged him with a false disciplinary action in retaliation for his naming Chief Brown and Lieutenant Denton as defendants to this action. (*Id.* at p. 8 n.3)(citing Docket No. 36). The Magistrate Judge determined, however, that because the alleged retaliator is "Officer Jeremy Goins" who is not a defendant to this action, and the plaintiff had not amended his complaint to include these allegations, there was no recourse sought by the plaintiff in this action as to this allegation. (*Id.*) In addition, the Magistrate Judge reasoned that, while the plaintiff attempted to implicate defendant Brown for his failure to take action against Officer Goins when Davis advised him of Goins's actions, the plaintiff had not alleged that Brown authorized, approved, or knowingly acquiesced in Goins's conduct so as to establish supervisory liability for the alleged retaliation. (*Id.*)

**III.   Standard of Review**

The Magistrate Judge's R&R concerns a dispositive pretrial matter. Under Federal Rule of Civil Procedure 72(b), the district court must review any portion of the R&R to which a specific objection is made under the *de novo* standard. *Id.*; 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).

**IV.   Plaintiff's Objections to the R&R**

The plaintiff has filed Objections to the Magistrate Judge's recommendation to grant the defendants' motion to dismiss. (Docket No. 66).

First, the plaintiff objects to the Magistrate Judge's finding that the plaintiff's failure to protect claim against defendant Hill fails to state a claim upon which relief can be granted. (*Id.* at p. 1). However, the plaintiff does not explain why the Magistrate Judge was incorrect in finding

4

that the complaint failed to establish that defendant Hill acted with deliberate indifference, which is an essential element of the plaintiff's failure to protect claim. Instead, the plaintiff alleges that Hill's action "breached a duty" to the plaintiff by abandoning her post on the day of the incident. As the Magistrate Judge pointed out, negligence cannot sustain a § 1983 claim. The court agrees with the Magistrate Judge that the plaintiff's allegations, even if true, fail to state an Eighth Amendment failure to protect claim against defendant Hill. This Objection, therefore, will be overruled.

Second, the plaintiff objects to the Magistrate Judge's finding that the plaintiff's failure to protect claim against defendant Denton fails to state a claim upon which relief can be granted. (*Id*. at p. 1). The plaintiff contends that Denton "breached a duty of reasonable care to protect plaintiff from harm." (*Id*.) Again, only deliberate indifference– not mere negligence – establishes the requisite subject component of a Eighth Amendment claim. The court agrees with the Magistrate Judge that the plaintiff's allegations, even if true, fail to state an Eighth Amendment failure to protect claim against defendant Denton. This Objection, therefore, will be overruled.

Third, the plaintiff objects to the Magistrate Judge's finding that the plaintiff's allegations against defendants Brown and Hale fail to state First Amendment claims upon which relief can be granted, whether construed as denial of access to courts claims or retaliation claims. (*Id*. at p. 2). The plaintiff contends that the defendants Brown and Denton were negligent in failing to correct a contradictory statement by Hill in the plaintiff's grievance and that defendant Hale was negligent in her failure to respond to the plaintiff's grievance and "keeping plaintiff from presenting such matter to the court." (*Id.*) As the Magistrate Judge concluded, the plaintiff failed to allege any harm resulting from either defendant's actions in this context. Even assuming that these defendants

refused to provide the plaintiff with a copy of his original grievance, failed to correct an erroneous statement by Hill, or tried to prevent the plaintiff from filing his lawsuit, it is undisputed that the plaintiff filed a timely lawsuit. Moreover, the plaintiff has no constitutional right to an effective grievance process. *See Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003). Therefore, the court agrees with the Magistrate Judge that the plaintiff's allegations against Brown, Denton, and Hale, even if true, do not state a claim for the denial of the plaintiff's federal constitutional rights. This Objection, therefore, will be overruled.

Finally, the plaintiff objects to the Magistrate Judge's finding that the claim against defendant Sheriff Hall fails to state a claim upon which relief can be granted. (*Id.* at p. 2). The Magistrate Judge addressed the plaintiff's First Amendment claim against various unnamed defendants and determined that, assuming the plaintiff intended to include Sheriff Hall as one of the defendants to his First Amendment claim, the allegations against Sheriff Hall fail primarily because a defendant cannot be held liable under § 1983 on a *respondeat superior* or vicarious liability basis. (Docket No. 66 at p. 2).

However, in his objection, the plaintiff claims that Hall "breach[ed] his duty" by failing to train his officers in protecting inmates from violence and properly processing inmate grievances. (*Id.*) The Magistrate Judge did not specifically address this particular theory since Sheriff Hall is not even mentioned in the narrative section of the complaint. A plaintiff must identify the right or privilege that was violated and the role of the defendant in the alleged violation, *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982), and the plaintiff here has failed to do so with regard to Hall. Furthermore, the law is settled that actions brought against state actors cannot be maintained under

§ 1983 on a theory of *respondeat superior, see e.g., Monell v. Dept. of Social Serv's of The City of New York, et al.,* 436 U.S. 658, 659, 691–95 (1978); *Siggers v. Campbell*, 652 F.3d 681, 695 (6th Cir. 2011) (citing *Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 80–81 (6th Cir.1995)), unless the state actor was directly involved in the alleged violations of the plaintiff's constitutional rights, *see Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir.2010) (internal citations and quotation marks omitted). For vicarious liability to attach here, Hall must have "at least implicitly authorized, approved, or knowingly acquiesced n the unconstitutional conduct of the offending [party]." *Colvin*, 605 F.3d at 292 (citing *Cardinal v. Metrish*, 564 F.3d 794, 802–03 (6th Cir. 2009)).

The plaintiff does not allege that Sheriff Hall was directly responsible for any of the alleged acts and/or omissions of his officers. The complaint does not identify or describe any of Davidson County's policies, procedures, practices, or customs relating to the incident at issue; it does not identify any particular shortcomings in that training or how those shortcomings caused the alleged violations of the plaintiff's rights; and it does not identify any other previous instances of similar violations that would have put Davidson County on notice of a problem. *See Okolo v. Metropolitan Gov't of Nashville*, 892 F. Supp.2d 931, 944 (M.D. Tenn. 2012); *Hutchison v. Metropolitan Gov't of Nashville*, 685 F. Supp.2d 747, 751 (M.D. Tenn. 2010); *Johnson v. Metropolitan Gov't of Nashville*, No. 3:10-cv-0589, 2010 WL 3619790, at **2-3 (M.D. Tenn. Sept. 13, 2010). Consequently, the complaint fails to state a claim upon which relief can be granted as to Hall in his official or individual capacity based on failure to train his employees.

The amended complaint also alleges that the named defendants, including Hall, retaliated

against the plaintiff for reporting Hill's conduct.[1]  A prisoner's claim that prison officials have retaliated against him for engaging in protected conduct is grounded in the First Amendment. *Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999) (*en banc*).  To establish a *prima facie* case of retaliation within the context of § 1983, a plaintiff must prove that:  (1) he engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between the first two elements, such as the adverse action was motivated at least in part by plaintiff's protected conduct. *Id.* at 394.  In addition to proving a retaliatory motive, the plaintiff must establish that the alleged discriminatory action was punitive in nature by showing other than *de minimis* harm resulting from it.  *See Ingraham v. Wright*, 430 U.S. 651, 674 (1977); *Thaddeus-X*, 175 F.3d at 396.

Here, filing grievances through an inmate grievance process is protected conduct.  *See Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000).  However, any defendant's withholding of a copy of the plaintiff's grievance, if it occurred, would not "deter a person of ordinary fitness from continuing to engage in that conduct," *Thaddeus-X v*, 175 F.3d at 388, since copies of grievances are not required to be attached to a federal complaint.  The plaintiff could have filed his lawsuit without attaching his grievances.  In any event, the plaintiff filed his complaint without incident.  The plaintiff has not alleged any harm resulting from the alleged acts of retaliation.  Therefore, the court agrees with the Magistrate Judge that, the plaintiff's allegations, even if true, do not state a claim for the denial of the plaintiff's federal constitutional rights, whether construed as denial of access to the courts or retaliation claims under the First Amendment.

---

[1] In its original screening of the plaintiff's complaint, the court analyzed the plaintiff's First Amendment claim as a retaliation claim. (Docket No. 3).  In their motion to dismiss, the defendants' addressed potential First Amendment "denial of access to courts" claims and First Amendment retaliation claims.  (Docket No. 30 at p. 5 n.2).

## V. Conclusion

After reviewing the pleadings and the record, and considering the plaintiff's specific Objections to the Magistrate Judge's Report and Recommendation entered on February 21, 2017, the plaintiff's Objections will be overruled, and the R&R will be adopted and approved as modified.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge